# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MELLACONIC IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TIMECLOCK PLUS, LLC,**<br><br>Defendant. | Civil Action No.: 1:22-cv-00244-CFC |
| **MELLACONIC IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPUTY, INC.,**<br><br>Defendant. | Civil Action No.: 1:22-cv-00541-CFC |

## PLAINTIFF'S MOTION TO STAY

1. On November 15, 2022, Nimitz Technologies LLC ("Nimitz") filed with the United States Court of Appeals for the Federal Circuit a *Petition for Writ of Mandamus in connection with Cases, Nos. Civ. No. 21-1247-CFC, Civ. No. 21-1362-CFC, Civ. No. 21-1855-CFC and Civ. No. 22-413-CFC* (the "Nimitz Petition"). *In re Nimitz Technologies LLC*, No. 23-103 (Fed. Cir.).

2. Plaintiff Mellaconic IP LLC respectfully moves this Court to stay any and all Orders and/or proceedings in these cases, including staying the Court's Memorandum Order of November 10, 2022 (ECF #22), pending a ruling on Nimitz' Petition.

3. This Court has discretion to stay litigation pending before the Court. Three factors are considered when deciding a motion to stay: "(a) whether granting the stay will simplify the issues for trial; (b) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (c) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 2022 U.S. Dist. LEXIS 36636 at *8 (D. Del. 2022).

> With regard to stays pending appeals, the normal rule is that:
>
> In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest.

*In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). See *California v. Davis (In re Venoco, LLC)*, 2020 U.S. Dist. LEXIS 8349 at *6-7 (D. Del. 2020) (applying rule).

4. The above factors are met in this case. Any substantive ruling on the Petition is simply the issues and advance the progress of these cases. These cases are already dismissed, and, thus, a stay of the Memorandum Order will not impact the proceedings of the case. Given that the cases are dismissed, there can be neither prejudice nor substantial harm to any party in granting the stay pending the Petition. At the same time, Plaintiff can suffer irreparable injury absent a stay as Plaintiff may

be ordered to disclose highly confidential materials that the law may not consider relevant to any issue in the case. Finally, a stay is in the public interest because a stay will avoid the uncertainty of piecemeal litigation where Plaintiff may be forced to proceed in an unprecedented context while the validity of the process is being considered by an appellate court.

Very importantly, the stay will avoid the need for Plaintiff to file its own petition for a writ of mandamus. Plaintiff will be required to file the petition because these cases present the additional factor that the cases have been dismissed pursuant to Fed. R. Civ. P. 41(a) and thus will raise the question of whether this Court has jurisdiction *vel non* to pursue its *sua sponte* inquiries. Thus, a stay of the above-captioned cases will conserve party and judicial resources, including eliminating the need for multiple parallel petitions for mandamus.

5. The duration of the requested stay should extend until the Federal Circuit has ruled on the Nimitz Petition.

6. A proposed form of Order is attached.

7. Pursuant to D. Del. Local Rule 7.1.1, counsel for the parties conferred prior to the filing of this motion.[1]

---

[1] As it pertains to Defendant Deputy, Inc., Defendant never appeared or otherwise contacted counsel for Plaintiff and, as such, there is no counsel of record with whom Plaintiff can confer. As it pertains to Defendant TimeClock Plus, LLC, counsel for Plaintiff conferred with counsel for Defendant and counsel for Defendant indicated that they do not intend to oppose the motion.

| | |
|---|---|
| Dated: November 17, 2022 | Respectfully submitted, |
| Of counsel: | CHONG LAW FIRM PA |
| Andrew S. Curfman (*Pro hac vice*)<br>SAND, SEBOLT & WERNOW CO., LPA<br>Aegis Tower – Suite 1100<br>4940 Munson Street NW<br>Canton, Ohio 44718<br>Telephone: (330) 244-1174<br>Facsimile: (330) 244-1173<br>Email: andrew.curfman@sswip.com | */s/ Jimmy Chong*<br>Jimmy Chong (#4839)<br>2961 Centerville Road, Suite 350<br>Wilmington, DE 19808<br>Telephone: (302) 999-9480<br>Facsimile: (302) 800-1999<br>Email: patent@chonglawfirm.com<br><br>ATTORNEYS FOR PLAINTIFF |