# THE CHONG LAW FIRM, P.A.

Licensed in:  Delaware, New Jersey, Pennsylvania

May 1, 2023

**VIA ECF**
Hon. Colm F. Connolly
Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Unit 31
Room 4124
Wilmington, Delaware 19801-3555

> RE:   *Mellaconic IP LLC v. TimeClock Plus, LLC*
>         Civil Action No. 1:22-cv-00244-CFC
>         *Mellaconic IP LLC v. Deputy, Inc.*
>         Civil Action No. 1:22-cv-00541-CFC

Dear Judge Connolly:

This letter is in regards to the status of the above-captioned cases. In particular, this letter is in response to the Motion to Stay filed November 17, 2022 (D.I.# 23), the Order Granting the Stay filed November 18, 2022 (D.I.# 24), and the subsequent filings in these cases, including Plaintiff's letter dated January 6, 2023 and Motion to Set Aside the Memorandum Order filed February 17, 2023 (D.I.# 26). This information is provided without prejudice to Mellaconic's Motion to Set Aside the Order.

The Order Granting the Stay set forth a 30-day time period for a Status Report to be filed with the Court following the final disposition of the Request for Reconsideration filed by Nimitz (in re *Nimitz Technologies* Appeal No. 23-103-Fed.Cir. D.I.# 55) which was denied by the Federal Circuit on January 31, 2023. Within 30 days of that denial, on February 17, 2023, Plaintiff filed its Motion to Set Aside the Memorandum Order of November 10, 2022 which remains pending

**WILMINGTON, DE**
**Delaware Mailing Address**
2961 Centerville Rd. Ste 350
Wilmington, DE 19808
T. 302-999-9480

**LANSDALE, PA**
**Pennsylvania Mailing Address**
100 W. Main St. Ste 420
Lansdale, PA  19446
T. 215-909-5204

**PHILADELPHIA, PA**
**No Mail**
1845 Walnut Street, Suite 1300
Philadelphia, PA  19103
T. 215-909-5204

FAX FOR ALL LOCATIONS: 302-800-1999

WWW.CHONGLAWFIRM.COM

before this Court.

In view of recent filings by this Court in other similarly situated matters including *Backertop Licensing LLC* 1:22-cv-00573-CFC (D.I. #28 through D.I #32), Plaintiff wishes to further address some of the concerns raised by the Court in those filings that are not of record in these actions.

Specifically, the Court raised questions as to a) the accuracy of the filings made in those cases which mirror filings provided in the Mellaconic cases; b) whether counsel complied with Rules of Professional Conduct and with the Orders of this Court; c) whether the real parties in interest have been hidden from the Court and the Defendants: and d) whether those real parties in interest perpetrated a fraud on the Court and/or on the USPTO. Plaintiff will address these concerns in that order.

With regards to a) the accuracy of the filings, Counsel can attest that all filings made by and on behalf of Mellaconic are and continue to be, true and accurate representations of fact as they exist in this matter.

Second, the Court raised concerns as to b) whether or not Counsel has complied with the Rules of Professional Conduct and Orders of this Court in its conduct and filings. Counsel can assure the Court that they have acted consistent with the Rules of Professional Conduct and have complied with the Orders of this Court. Counsel for Mellaconic further wishes to advise that they have undertaken the extraordinary steps of seeking opinions from counsel experienced with the Rules of Professional Conduct and with the ABA Model Rules both in Delaware and in lead Counsel's own state of Ohio with regards to Counsel's actions in these matters.

Next, the Court inquired c) whether there are real parties in interest, such as Mavexar and IP Edge, which have been hidden from the Court and Defendants in related matters. Counsel can assure the Court that no party has been hidden in these or in prior matters. Instead, Counsel for Mellaconic has complied with the Court's disclosure requirements in listing all owners, members, and partners of Mellaconic along with all sources of non-recourse based funding as directed by your Honor's Standing Orders. Counsel will note that the Standing Orders of this Court do not require the same type, breadth, or scope of disclosures as required in other District

Courts. When other District Courts require disclosure of any party with a financial interest, that disclosure has been made. For example, in a prior case in the Northern District of Texas involving Mellaconic, the parties were required to disclose "a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parents or subsidiary corporations, or other legal entities that are financially interested in the outcome of this case." In that case Mellaconic filed, on August 27, 2020, more than two years prior to this Court's inquiry, a Certificate of Interested Persons that explicitly named Mavexar LLC. (*See*, *Mellaconic IP LLC v. VIA Transportation, Inc.* Certificate of Interested Persons, attached hereto as Exhibit A).

A recent ruling of this Court is instructive regarding disclosure. With regard to the redaction of a settlement amount, Judge Williams of this Court provided that members of the public having unfettered access to information means that the information is not protectable and there is little justification for sealing. *CBV, Inc. v. ChanBond, LLC*, C.A. No. 21-1456 (D. Del. Mar 28, 2023) (Mem. Order) (attached hereto as Exhibit B). Because the disclosure of Mavexar's financial interest in Mellaconic's litigation has remained public for nearly 3 years, (See Exhibit A) nothing has been hidden from this Court or would amount to a serious injury to anyone, and no showing has been made to the contrary. Accordingly, as this Court has held that a publicly available disclosure is not suitable for redaction, it cannot simultaneously reason that the public availability of Mavexar's interest is hidden from the Court and the Defendants.

We add that Fed. R. Civ. P. Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest," and then further defined that:

> The following may sue in their own names without joining the *person for whose benefit the action is brought*: ***
>
> (G) a party authorized by statute.

(Emphasis added). The Rule is critical, because one cannot "hide" something that is not relevant to matters before the Court. Congress has deemed that only the patent owner is the "real party in interest" even if there are other persons for whose benefit the action is brought. Thus, Congress has deemed the involvement of other entities such as Mavexar to be irrelevant. Mavexar would need to be disclosed only

if the issue was requested, such as in response to a Standing Order that required disclosure of persons with any financial interest, which is not the case here because this Court's Order was more narrowly tailored and pertained to litigation funders on a non-recourse basis. Mavexar's funding arrangement is on a recourse basis and thus its disclosure was not responsive to the Court's original inquiry.

Finally, and most concerning, is d) that the Court has questioned whether the real parties in interest have perpetrated a fraud on the Court by fraudulently conveying to a shell LLC patents assert in the Court and filing fictitious patent assignments with the USPTO designed to shield those parties from potential liability they would otherwise face in asserting patents in litigation in this Court. This concern has several issues to be addressed. First, the very nature of any LLC is to limit personal liability of the members. This has been addressed numerous times in various filings in this and other similarly situated cases, but is important in that the expressed purpose of the existence of a LLC as a business entity in Delaware and nationwide is to limit the liability of the members from adverse judgment.[1] Second, there is nothing inherently fraudulent or illegal in utilizing a LLC to own an asset for a specific purpose. Having a limited number of assets is not itself fraudulent; instead fraud on the Court occurs when a lawyer's or party's misconduct is so serious that it undermines the integrity of the proceedings, which is clearly not the case here. Here, patents are given the presumption of validity after having been fully examined and issued by the USPTO. Further, no finding of invalidity has been made. Similarly, the assignment is valid. The Assignee now controls 100% of the patent and may do with it as it pleases, including selling it, dedicating it to the public, or asserting it, as was the case here. The fact that the Plaintiff utilized a consulting company to assist in obtaining the patent and also in asserting the patent has no bearing on the validity of the assignment and/or of the underlying asset itself. Therefore, the assertion of the patent by the proper Assignee in this Court did not and cannot undermined the integrity of the proceedings.

---

[1] *See e.g. Great Lakes Chem. Corp. v. Monsanto Co.*, 96 F. Supp. 2d 376, 383 (D.Del. 2000). "Moreover, LLCs members, unlike partners in general partnerships, may have limited liability, such that LLC members who are involved in managing the LLC may avoid becoming personally liable for its debts and obligations. See 6 Del. C. § 18-303."

While the Court has articulated several concerns, it is clear from the record that both Plaintiff and Plaintiff's Counsel have routinely and in good faith responded to the Courts questions and Orders. Accordingly, Plaintiff and Plaintiff's counsel believe that the clarifications provided herein should resolve the Court's concerns.

Respectfully submitted,

CHONG LAW FIRM PA

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

Together with:

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Andrew S. Curfman*
Andrew S. Curfman (*Pro hac vice*)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: andrew.curfman@sswip.com